IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG DIVISION

**MALLORY J. SHRODES**

    **Petitioner-Defendant,**

                                                                  **Civil Action No. 5:12CV131**

**v.**                                                  **Criminal Action No. 5:12CR10**
                                                  **(JUDGE STAMP)**

**UNITED STATES OF AMERICA,**

    **Respondent-Plaintiff.**

**REPORT AND RECOMMENDATION TO THE DISTRICT JUDGE
RECOMMENDING THAT THE DISTRICT COURT DENY PETITIONER'S MOTION
UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE**

**I.    INTRODUCTION**

On August 27, 2012, Petitioner-Defendant Mallory J. Shrodes ("Petitioner"), proceeding *pro se*, filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("Petition" or "Motion"). (Civil Action No. 5:12CV131, ECF No. 1; Criminal Action No. 5:12CR10, ECF No. 31.) On September 17, 2012, Petitioner filed her Motion on the Court approved form. (Civil Action No. 5:12CV131, ECF No. 6; Criminal Action No. 5:12CR10, ECF No. 42.) On September 18, 2012, the undersigned Magistrate Judge entered an Order directing Respondent, the United States of America ("Respondent" or "Government") to answer Petitioner's motion. (Criminal Action No. 5:12CR10, ECF No. 44.) After filing a Motion to Extend Time to Respond, the Court entered an Order allowing the Government to respond on or before November 13, 2012. . (Criminal Action No. 5:12CR10, ECF No. 45, 46) The Government responded on November 13, 2012, and Petitioner has filed no reply to that response (Criminal Action No. 5:12CR10, ECF No. 51) The undersigned now issues this Report and Recommendation on Petitioner's motion without holding an evidentiary hearing. For the reasons stated below, the

undersigned recommends that the District Judge deny Petitioner's motion to vacate.

## II.  FACTS

*A.  Conviction and Sentence*

On April 26, 2011, Petitioner was sent a target letter from Assistant United States Attorney, John C. Parr identifying Petitioner as a subject of an ongoing investigation lead by the West Virginia State police involving federal drug law violations involving cocaine distribution in the Northern District of West Virginia. (Target Letter, Criminal Action No.5:12CR10, ECF No. 1.)

On November 23, 2011, Petitioner signed a plea agreement in which the she agreed to waive her right to have her case presented to a Grand Jury and plead guilty to a one-count information to be filed in this district charging her with possession with intent to distribute cocaine, in violation of Title 21, United States Code Sections 841(a)(1) and 841(b)(1)(C) and a forfeiture allegation. (Plea Agreement, Criminal Action No.5:12CR10, ECF No. 8.)

On March 28, 2012, an Information was filed charging Petitioner with one count of Possession with Intent to Distribute Cocaine in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C) and a forfeiture allegation. (Information, Criminal Action No.5:12CR10, ECF No. 1.)

On April 3, 2012, Petitioner appeared before District Judge Frederick P. Stamp for a plea to an information hearing, at which time her plea agreement was filed with the court. (Plea Hrg. Tr., Criminal Action No.5:12CR10, ECF No. 47.)  In the plea agreement, the parties stipulated and agreed that Petitioner's total drug relevant conduct was between 60 and 100 grams of cocaine. (Plea Agreement, Criminal Action No.5:12CR10, ECF No. 8 at 4.) In addition, " the parties further agreed that a two level enhancement pursuant to U.S.S.G.§2D1.1(b)(1) is appropriate for possession of a

firearm." (*Id.* at 4.)  Additionally, Petitioner waived her right to appeal and collaterally attack her sentence.  Specifically, Petitioner's plea agreement contained the following language concerning her waiver:

> Ms. Shrodes is aware that Title 18, United States Code, Section 3742 afford a defendant the right to appeal her conviction and any sentence imposed. Acknowledging all this, the defendant knowingly waives the right to appeal her conviction and any sentence within the maximum provided in the statute of conviction (or the manner in which that sentence was determined) including any enhancements under Section 4B1.1 or the Guidelines, on the grounds set forth in Title 18, United States Code, Section 3742 or on any ground whatever, in exchange for the concessions made by the United States in this plea agreement.  **The defendant also waives her right to challenge her conviction and sentence or the manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255.**  If the Court departs upward or downward from the advisory guideline range, the party opposing the departure has the right to appeal the departure.  However, neither party has the right to appeal the Court's denial of either an upward or downward departure. Otherwise than stated herein, in exchange for defendant's waiver, the United States waives its right to appeal.

(*Id.* at 5. (emphasis added).)

When asked at the plea hearing, Petitioner stated that she understood that she was giving up many of her rights through her guilty plea.  (Plea Hrg. Tr., Criminal Action No.5:12CR10, ECF No. 47, at 12:13-25.)  At the time of her plea, Petitioner was 27 years old and had completed high school and several years of college, receiving her CNA license. (*Id.* at 4:2-13.)  The Court asked Petitioner if she understood that she was giving up her right to appeal any sentence and her right to file a writ of habeas corpus attacking the validity of her plea and sentence, and Petitioner replied that she did. (*Id.* at 12:22-25 , 13:1-6.)  When asked, Petitioner's counsel stated that she believed Petitioner understood the importance of this waiver.  (*Id.* at 13:7-14.)  Petitioner further affirmed that she had reviewed the plea agreement with her attorney before signing it. (*Id.* at 11:14-25.)  After explaining the maximum penalty under the sentencing guidelines, the Court again asked the Petitioner if she

understood that she was giving up her right to appeal and collaterally attack her sentence. (*See id.* at 17:8-23.) During the hearing, the Government presented the testimony of Corporal William M. Lemon of the West Virginia State Police to establish a factual basis for the plea. (*Id.* at 23:6-25:15.) Petitioner did not contest Corporal Lemon's testimony. (*Id.* at 25:16-25.)

After the Government presented Corporal Lemon's testimony, Petitioner advised the Court that she was guilty of Count One of the Information. (*Id.* at 26:1-7.) She further stated under oath that no one had attempted to force her to plead guilty and that she was pleading guilty of her own free will. (*Id.* at 26:8-18.) Additionally, Petitioner testified that her plea was not the result of any promises other than those in the plea agreement. (*Id.* at 26:12-15.) When asked, Petitioner acknowledged that her counsel had adequately represented her and that her counsel had not left anything undone or did anything improperly during her representation. (*Id.* at 27:4-11.) Finally, Petitioner advised that she was in fact guilty of the crime to which she was pleading guilty. (*Id.* at 27:12-17.)

At the conclusion, District Judge Stamp determined that Petitioner's plea was made freely and voluntarily, that Petitioner had full knowledge and understanding of the consequences of her plea, and that the elements of the crime charged in Count One were established beyond a reasonable doubt. (*Id.* at 27:18-25.) Petitioner did not object to the Court's finding.

On June 5, 2012, Petitioner appeared before District Judge Frederick P. Stamp for sentencing. (Sentencing Hrg. Tr., Criminal Action No.5:12CR10, ECF No. 48.) Judge Stamp sentenced Petitioner to a term of 21 months incarceration and a three year term of supervised release. (Judgment in a Criminal Case, Criminal Action No.5:12CR10, ECF No. 21.) At the end of the sentencing hearing, District Judge Stamp again reminded the Petitioner that:

> ...under paragraph 12 at page 5 of the plea agreement you signed that you waived your right to appeal for any of the reasons under the sentencing statute and also waived the right to collaterally attack the sentence including that under the so-called habeas corpus statute, subject to the exception I went over with you at the plea hearing.

(Sentencing Hrg. Tr., Criminal Action No.5:12CR10, ECF No. 48, at 14:19-25.)

## B.    *Appeal*

Petitioner did not pursue a direct appeal.

## C.    *Federal Habeas Corpus*

### 1.    **Petitioner's Motion**

On Petitioner's court approved Motion Under 28 U.S.C. § 2255 form, Petitioner asserts four grounds for relief. Petitioner contends that (1) her criminal history was incorrectly calculated (2) her scoring points should not have been for gun enhancement (3) a first time offender can not be convicted of any offense punishable by a term of imprisonment reserved for repeat offenders and (4) her maximum sentence should have been eight months. (Civil Action No. 5:12CV131, ECF No. 6; Criminal Action No. 5:12CR10, ECF No. 42 ("Pet.") at 9-14.) Petitioner asserts that after researching the law she believes that *United States v. Simmons*, 649 F.3rd 237 (4th Cir 2011.) applies to her conviction and that she should have been given a lower sentence. (Civil Action No. 5:12CV131, ECF No. 1; Criminal Action No. 5:12CR10, ECF No. 31 (" Orig. Pet.") at 4.)

### 2.    **Government's Response**

The Government contends that Petitioner's motion should be dismissed because Petitioner waived her right to collaterally attack her sentence. (Criminal Action No. 5:12CR10, ECF No. 51 ("Resp.") at 8-9.) Furthermore, the Government asserts that even if the Court were to address the alleged substantive grounds of Petitioner's claim, the *Simmons* case on which she relies is simply

not applicable to this case. ( Resp. at 7.)

### 3. Petitioner's Reply

Petitioner did not file a reply.

### D. *Recommendation*

Based upon a review of the record, the undersigned recommends that Petitioner's motion be denied and dismissed from the docket because Petitioner knowingly, intelligently, and voluntarily waived the right to collaterally attack her conviction.

### III. ANALYSIS

### A. *Law Governing Waivers of Direct Appeal and Collateral Attack Rights*

"[T]he guilty plea and the often concomitant plea bargain are important components of this country's criminal justice system. Properly administered, they can benefit all concerned." *Blackledge v. Allison*, 431 U.S. 63, 71 (1877). However, the advantages of plea bargains are only secure when "dispositions by guilty plea are accorded a great measure of finality." *Id.* The United States Court of Appeals for the Fourth Circuit ("Fourth Circuit") has recognized that the Government often secures waivers of both appellate and collateral attack rights "from criminal defendants as part of their plea agreement." *United States v. Lemaster*, 403 F.3d 216, 220 (4th Cir. 2005).

The Fourth Circuit has held that "a waiver-of-appeal-rights provision in a valid plea agreement is enforceable against the defendant so long as it is 'the result of a knowing and intelligent decision to forgo the right to appeal.'" *United States v. Attar*, 38 F.3d 727, 731 (4th Cir. 1994) (citations omitted). However, a defendant still retains the right to appellate review on limited grounds, such as when a sentence above the maximum penalty provided by statute is imposed or

when a sentence is imposed based on a constitutionally impermissible factor. *Id.* at 732. Furthermore, the *Attar* court recognized that a defendant cannot "fairly be said to have waived his right to appeal his sentence on the ground that the proceedings following entry of the guilty plea were conducted in violation of his Sixth Amendment right to counsel." *Id.*

Eleven years later, the Fourth Circuit determined there was no reason to distinguish between waivers of appellate rights and waivers of collateral attack rights. *Lemaster*, 403 F.3d at 220 n.2. The Fourth Circuit noted that all courts of appeals to have considered the issue have "held that the right to attack a sentence collaterally may be waived so long as the waiver is knowing and voluntary." *Id.* at 220. The *Lemaster* Court did not address whether the same exceptions that were noted by the *Attar* court apply to a waiver of collateral attack rights, but it did note that it saw "no reason to distinguish" between the two. *Id.* at 220 n.2; *see also United States v. Cannady*, 283 F.3d 641, 645 n.3 (4th Cir. 2000) (collecting cases where the court has determined that waivers of § 2255 rights are generally valid).

### B. *Law Governing the Determination of Whether a Waiver is Knowing and Intelligent*

The Fourth Circuit has held that the determination of whether a waiver of appellate and collateral attack rights is "knowing and intelligent" "depends 'upon the particular facts and circumstances surrounding [its making], including the background, experience, and conduct of the accused.'" *Attar*, 38 F.3d at 731 (quoting *United States v. Davis*, 954 F.2d 182, 186 (4th Cir. 1992)). This determination is often made upon reviewing the "adequacy of the plea colloquy" and determining, in particular, "whether the district court questioned the defendant about the appeal waiver." *United States v. Blick*, 408 F.3d 162, 169 (4th Cir. 2005). However, an ultimate decision is "evaluated by reference to the totality of the circumstances." *United States v. General*, 278 F.3d

389, 400 (4th Cir. 2002).

### 1. Petitioner Validly Waived Her Right to Collaterally Attack Her Sentence

In her motion, Petitioner asserts that she was not a felon prior to her plea and therefore under *Simmons* should not have been sentenced to twenty-one months incarceration followed by three years of supervised release. (Orig. Pet. at 4; Pet. at 5-10.) However, Petitioner entered into a plea agreement in which she agreed to waive her right to collaterally attack her sentence in any manner, including motions brought pursuant to 28 U.S.C. § 2255. (Plea Agreement, Criminal Action No. 5:12-CR-10, ECF No. 8 at 5.) In addition, the plea agreement provided a stipulation to drug relevant conduct and an enhancement for the possession of a firearm. *Id.* at 4. Specifically, the plea agreement read:

> Pursuant to Sections 6B1.4, 1B1.3, and 2D1.1 [Application Note 12] of the Guidelines, the parties hereby stipulate and agree that the total drug relevant conduct of the defendant is between 60 and 100 grams of cocaine. The parties further agree that a two level enhancement pursuant to U.S.S.G. §2D1.1(b)(1) is appropriate for the possession of a firearm.

*Id.* at 4. This stipulation was used by the probation officer in calculating the relevant guidelines. *(See* Presence Report, ECF No. 20 at 3.) Therefore, Petitioner's grounds for her Motion to Vacate relate directly to the plea agreement where she waived her rights to collaterally attack the sentence. In addition, Petitioner's counsel at sentencing objected to the assignment of the criminal history points for the misdemeanor offenses and the District Judge ruled on those objections at sentencing. (Sentencing Hrg. Tr., Criminal Action No.5:12CR10, ECF No. 48, at 5-8.) After an allocution by the Petitioner and a request for a variance by counsel, the District Judge saw no reason to vary from the guidelines in this case. (*Id.* at 11-12.)

At the plea hearing, the District Judge advised the Petitioner that the maximum sentence to

which she was exposed would be not more than twenty years incarceration. (*Id* at 15:10-27.) In addition, the court went over the application of the sentencing guidelines with Petitioner (Id at 16: 14-25, 17:1-15.) Thereafter, the District Judge reiterated that Petitioner was waiving her right to collaterally attack that sentence as long as it was within the applicable guidelines and Petitioner responded that she understood. (Id at 17: 16-25.)

The undersigned finds that grounds for Petitioner's Motion to Vacate do not meet any of the exceptions under the habeas corpus statute allowed after Petitioner has waived her rights to collaterally attack her sentence at the Rule 11 hearing. There is no alleged ineffective assistance of counsel, the sentence imposed was not above a statutory maximum nor was her sentence for any unconstitutionally impermissible purpose.

The undersigned also finds that Petitioner's waiver to collaterally attack her sentence was knowing and intelligent. *See Attar*, 38 F.3d at 731. At the Rule 11 plea colloquy, Petitioner testified that she graduated from Martins Ferry High School; studied business management at Columbus State College then transferred to Ohio University Eastern and studied health service administration. (Plea Hrg. Tr., Criminal Action No. 5:12CR10, ECF No. 47, at 4: 2-14.) She also testified that she got her CNA license and worked at a nursing home. (*Id.*) Petitioner did not have a disability or hearing impairment that would prevent her from participating in the hearing. (*Id.* at 5:19-22.) The District Judge also specifically asked Petitioner if she understood that she was giving up the majority of her rights to appeal any sentence in this case, or to file a writ of habeas corpus attacking the legal validity of the guilty plea and the sentence, and Petitioner replied that she understood. (*Id.* at 12:13-25, 13: 1-15.) Petitioner also testified that she reviewed the plea agreement with her attorney before signing it. (*Id.* at 11:20-25.) At the end of the plea colloquy, the District Judge noted that Petitioner

was competent, that she made her plea freely and voluntarily, and that she had full knowledge and understanding of the consequences of her plea. (*Id.* at 27:18-25.)

In sum, the undersigned finds that Petitioner knowingly and intelligently waived her right to collaterally attack her sentence as part of her plea agreement. Therefore, because Petitioner cannot collaterally attack her sentence based upon conduct occurring before the entry of her guilty plea, Petitioner's motion for relief should be denied.

### 2. The *Simmons* Case Is Not Applicable to this Case.

The undersigned Magistrate Judge does not need to make any rulings on the alleged substantive grounds of this petition because the Petitioner waived her right to collaterally attack her sentence. However, the undersigned will note that the court agrees with the Government that the *Simmons* case is not applicable in this instance for the reasons set forth in the Government's response. (*See* Resp. at 7.)

### IV. RECOMMENDATION

Based upon a review of the record, the undersigned recommends that Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody be **DENIED** and **DISMISSED** from the docket because Petitioner knowingly, intelligently, and voluntarily waived the right to collaterally attack the conviction.

Within **fourteen (14) days** after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable Frederick P. Stamp, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal

from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984).

The Court directs the Clerk of the Court to provide a copy of this Report and Recommendation to all counsel of record as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia. The Court further directs the Clerk of the Court to mail a copy of this Report and Recommendation to the *pro se* Petitioner Mallory J. Shrodes.

**DATED:** 1-30-2013

_____
DAVID J. JOEL
UNITED STATES MAGISTRATE JUDGE