IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

MALLORY SHRODES,

    Petitioner,

v.                                     Civil Action No. 5:12CV131
                                         (Criminal Action No. 5:12CR10)
UNITED STATES OF AMERICA,                        (STAMP)

    Respondent.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORTS AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I.   Procedural History

The petitioner, Mallory Shrodes, appearing pro se,[1] filed a petition pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct sentence by a person in federal custody. Ms. Shrodes was convicted in this Court of possession with intent to distribute cocaine, based upon her plea of guilty to a one-count information pursuant to a plea agreement. In her plea agreement, the petitioner agreed to waive her right to have her case presented to a grand jury, and to plead guilty to the one-count information charging her with a violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) and a forfeiture allegation. Additionally, within her plea agreement, the parties stipulated that the petitioner's total drug relevant conduct was between 60 and 100 grams of cocaine, and

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1341 (9th ed. 2009).

that "a two level enhancement pursuant to U.S.S.G. § 2D1.1(b)(1) is appropriate for possession of a firearm." Criminal Action No. 5:12CR10, ECF No. 8 *4

Finally, as part of her plea agreement, and in consideration for concessions made by the government, Ms. Shrodes waived her right to appeal her conviction or sentence, and her right to collaterally attack her conviction or sentence. Id. at *5. Specifically, the petitioner's plea agreement contained the following language regarding her waiver of appellate rights and post-conviction relief rights:

> 12. Ms. Shrodes is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal her conviction and the sentence imposed. Acknowledging all this, the defendant knowingly waives the right to appeal her conviction and any sentence within the maximum provided in the statute of conviction (or the manner in which that sentence was determined) including any enhancements under Section 4B1.1 of the Guidelines, on the grounds set forth in Title 18, United States Code, Section 3742 or on any ground whatever, in exchange for the concessions made by the United States in this plea agreement. <u>The defendant also waives her right to challenge her conviction and sentence or the manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255</u>. If the Court departs upward or downward from the advisory guideline range, the party opposing the departure has the right to appeal the departure. However, neither party has the right to appeal the Court's denial of either an upward or downward departure. Otherwise than stated herein, in exchange for defendant's waiver, the United States waives its right to appeal. The parties have the right during any appeal to argue in support of the sentence imposed.

Id. at *5 (emphasis added).

On April 3, 2012, the petitioner entered her plea in open court. At the time of her plea, the petitioner was twenty-seven years old, had graduated from high school, and completed several years of college, receiving her CNA license. The petitioner stated that she understood and agreed with all the terms and conditions of the plea agreement. Twice the Court specifically asked the petitioner whether she understood the waiver of appellate and post-conviction relief rights, to which the petitioner twice responded that she did. The petitioner further stated that she had reviewed the plea agreement with her attorney prior to signing it, and that her attorney had answered any questions that she had with regard to the agreement. The Court then reviewed all of the rights the petitioner was giving up by pleading guilty, to which the petitioner again indicated that she understood.

The petitioner advised the Court that her attorney had adequately represented her, and that her attorney had left nothing undone. The petitioner testified that she was in fact guilty of the crime to which she was pleading guilty.

At the conclusion of the hearing, the Court determined that the petitioner had made the plea freely and voluntarily, that the petitioner understood the consequences of pleading guilty, and that the elements of the crime under Rule 11 had been established. The petitioner did not object to the Court's findings.

On June 5, 2012, the petitioner appeared before the Court for sentencing. After considering several factors, the circumstances of both the crime and the defendant, and the sentencing objectives of punishment, the Court imposed a sentence of twenty-one months of imprisonment. This sentence represented the lowest end of the applicable guideline range. At the end of the sentencing hearing, this Court again reminded the petitioner that, pursuant to her plea agreement, she had waived her right to appeal her conviction and sentence, and had waived her right to collaterally attack her conviction and sentence.

The petitioner did not directly appeal her conviction or sentence, but instead filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255. In her petition, she contends that (1) her criminal history was incorrectly calculated; (2) she should not have received an enhancement for possession of a firearm; (3) a first time offender cannot be convicted of any offense punishable by a term of imprisonment reserved for repeat offenders; and (4) her maximum sentence should have been eight months. Civil Action No. 5:12CV131, ECF No. 6. The petitioner asserts that her claims are all based upon United States v. Simmons, 649 F.3rd 237 (4th Cir. 2011), which she contends mandates that she receive a reduced sentence, and of which she was not aware at the time of her sentencing.

The Court referred this case to United States Magistrate Judge David J. Joel for submission of proposed findings of fact and recommendation pursuant to Local Rule of Prisoner Litigation 2. The magistrate judge directed the United States to respond, and the United States complied. The petitioner did not file a reply to the government's response.

The magistrate judge then entered a report and recommendation recommending that the petitioner's petition be denied and that it be dismissed with prejudice. The magistrate judge recommended that the petitioner's § 2255 petition be denied on all grounds because the petitioner knowingly, intelligently, and voluntarily waived the right to collaterally attack her sentence. In his report, the magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to his proposed findings and recommendation within fourteen days after being served with a copy of the magistrate judge's recommendation. The petitioner did not file objections.

## II. Applicable Law

As there were no objections filed to the magistrate judge's recommendation, the findings and recommendation will be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

III. Discussion

The petitioner's grounds for vacating her sentence all concern her argument that this Court erred in its calculation of her sentence based upon the applicable United States Sentencing Guidelines, and her relevant criminal history and conduct relating to her conviction in Criminal Action No. 5:12CR10. These claims are without merit because she knowingly, voluntarily, and intelligently entered into a plea agreement in which she affirmatively waived both her right to appeal and her right to raise collateral challenges to her conviction and sentence.

A defendant who enters into a plea agreement which contains a waiver of the right to collaterally attack a conviction or sentence is valid if the defendant knowingly and voluntarily waived those rights as part of the plea agreement. United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005). To determine the validity of a waiver of collateral-attack rights in a plea agreement, a court must examine the language of the waiver provision, the plea agreement as a whole, the plea colloquy, and the defendant's ability to understand the proceedings. United States v. Blick, 408 F.3d 162 (4th Cir. 2005). Thus, in evaluating the validity of the petitioner's collateral challenge to her sentence under § 2255, this Court must determine whether the petitioner knowingly, intelligently, and voluntarily waived the right to collaterally challenge her sentence.

This Court finds that the petitioner entered into a valid collateral-attacks waiver. Based upon the waiver provision itself, the plea agreement as a whole, and the plea colloquy, this Court finds that the petitioner knowingly, intelligently, and voluntarily waived her right to seek post-conviction relief for all of the claims she has raised in her § 2255 petition.

IV. Conclusion

Because neither party has objected to the report and recommendation of the magistrate judge, and because this Court finds that the magistrate judge's recommendation is not clearly erroneous, the ruling of the magistrate judge is hereby AFFIRMED and ADOPTED in its entirety. Accordingly, the petitioner's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 is DENIED. It is further ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Moreover, this Court finds that the petitioner was properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action will result in a waiver of appellate rights. Thus, the petitioner's failure to object to the magistrate judge's proposed findings and recommendation bars the petitioner from appealing the judgment of this Court. See 18 U.S.C. § 636(b)(1); Wright v. Collins, 766 F.2d 841, 845 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se petitioner by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: April 30, 2013

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE